Filed 11/9/22  P. v. Price CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061372 |
| v. | (Super. Ct. No. 17WF2059) |
| KENNETH WAYNE PRICE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

Defendant Kenneth Wayne Price appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1170.95 (now Pen. Code, § 1172.6).[1] Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel identified an issue to assist us in conducting our independent review. Defendant was granted 30 days to file written argument on his own behalf, but he has not done so.

We have examined the entire record but have not found an arguable appellate issue. Accordingly, we affirm the postjudgment order.


FACTS

Defendant was charged by information with attempted murder, shooting at an occupied motor vehicle, possession of firearm by a felon, possession of ammunition by a prohibited person, as well as certain firearm-related enhancements. Defendant was convicted by a jury only of attempted murder and was acquitted on the other counts; the enhancements were found to be not true. Defendant was sentenced to nine years in prison, along with two additional one-year terms arising from certain prior convictions. On appeal, these term enhancements were struck down as a result of subsequent enactments by the Legislature, but the conviction was affirmed. (*People v. Price* (Oct. 7, 2020, G057277) [nonpub. opn.].)

Defendant filed a petition for resentencing under section 1172.6, which requires resentencing of defendants convicted of murder, manslaughter, or attempted murder if the defendant could not today be convicted of that crime as a result of the Legislature's changes to Penal Code sections 188 and 189, dealing principally with the

_____

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

2

natural and probable consequences doctrine.  The trial court appointed counsel and held a hearing on the matter.

The trial court concluded defendant was not eligible for relief under section 1172.6.  It noted the jury had not been instructed on the natural and probable consequences doctrine, and that on appeal this court (in affirming the original conviction) concluded the jury found the defendant aided and abetted the attempted murder with an intent to kill.  Defendant timely appealed.

## DISCUSSION

We have examined the record in accordance with our obligations under *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, and we find no arguable issues on appeal.  Defendant himself has not filed a supplemental brief raising any issues for our review.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)  The issue suggested by appointed counsel has no merit.

## DISPOSITION

The postjudgment order is affirmed.

SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

3